UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x
BRUCE V. DESTASO,

                Plaintiff,

  -against-                        **MEMORANDUM AND ORDER**
                                            13-CV-03047 (FB)
COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                        *For the Defendant:*
CHRISTOPHER BOWES, ESQ.      LORETTA E. LYNCH, ESQ.
54 Cobblestone Drive                 United States Attorney
Shoreham, NY 11786                 ARTHUR SWERDLOFF, ESQ.
                                              Assistant United States Attorney
                                              Eastern District of New York
                                              271 Cadman Plaza East
                                              Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      Plaintiff Bruce Destaso ("Destaso") seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability benefits under the Social Security Act (the "Act"). Both parties move for judgment on the pleadings. After reviewing the parties' submissions, the Court grants Destaso's motion and remands for further proceedings. The Commissioner's motion is denied.

**I**

In January 1997, Destaso injured his right shoulder and neck while working as a police officer, during an incident in which an emotionally disabled person fell on top of him. Because of the pain caused by the injury, Destaso quit working on January 12, 1997. Despite physical therapy and two shoulder surgeries, he found that the symptoms and limitations resulting from the injury progressively worsened, and over time he took greater numbers of pain medication in increasingly large dosage amounts to alleviate his constant pain. On December 3, 2009, Destaso filed an application for Disability Benefits Insurance ("DBI"). The Social Security Administration ("SSA") denied his claim. An Administrative Law Judge ("ALJ") conducted a hearing and also denied his claim. The Appeals Council denied his request for review, which included additional evidence from one of Destaso's treating physicians. The denial rendered final the Commissioner's decision to deny benefits and Destaso timely sought judicial review.

In applying the familiar five-step process,[1] the ALJ found as to the first four steps that Destaso: (1) had not engaged in substantial gainful activity since January 12, 1997, the alleged onset date; (2) had multiple severe impairments; (3) did not suffer from an impairment meeting the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart

---

[1] The Social Security Administration's regulations set forth a five-step process for determining disability. The Commissioner must find a claimant disabled if she determines "(1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one that conclusively requires a determination of disability, (4) that the claimant is not capable of continuing in his prior type of work, [and] (5) there is not another type of work the claimant can do." *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir.2002) (citing 20 C.F.R. § 404.1520(b)-(f)).

P, Appendix 1; and (4) was not able to perform his past work as a police officer, but had the residual functional capacity ("RFC") to perform light work,[2] limited to simple, unskilled work with only occasional reaching with the right arm. AR 23.[3] Finally, the ALJ proceeded to the fifth step in which he considered the RFC determination along with Destaso's age, education, and work experience and applied the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, App. 2, to conclude that Destaso was "not disabled" through December 31, 2009, his date last insured. AR 26.

Destaso argues that the Appeals Council's failure to consider new and material evidence requires that the ALJ's decision be vacated. He also argues that the ALJ erred by finding Destaso not credible and concluding that his limitations for reaching with his right hand had "little or no effect" on his ability to perform light work. AR 27.

**II**

"Social Security regulations expressly authorize a claimant to submit new and material evidence to the Appeals Council when requesting review of an ALJ's decision. If the new evidence relates to a period before the ALJ's decision, the Appeals Council

---

[2]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," and may also require "a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b). A claimant "must have the ability to do substantially all of these activities" in order "[t]o be considered capable of performing a full or wide range of light work." *Id.*

[3]All citations to "AR" are to the Administrative Record.

shall evaluate the entire record including the new and material evidence submitted. . . [and] then review the case if it finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Perez v. Chater*, 77 F.3d 41, 44 (2d Cir. 1996) (internal citations and quotation marks omitted). New evidence warrants remand when that evidence is "material," meaning that (1) it is "relevant to the claimant's condition during the time period for which benefits were denied," (2) it is "probative," and (3) there is "a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently." *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) (internal quotation marks omitted).

Here, the Appeals Council, in denying review, provided little more than a cursory declaration of its denial stating only that "it found no reason under our rules to review the Administrative Law Judge's decision." AR 1. It provided no indication that it considered—much less rejected for any sound reason—additional evidence from Dr. Richard King, Destaso's treating physician of more than a decade. This is problematic, because the ALJ originally rejected Dr. King's testimony based on this reasoning:

> [T]here have been no notes of treatment submitted by [Dr. King] to support his findings, no evidence of consistent treatment by Dr. King or any other physician since 2000, or any further evidence of care during this time. . . Considering the lack of support for Dr. King's assessment, his opinion cannot be given significant weight in this decision.

AR 25.

The evidence that Destaso submitted to the Appeals Council consisted of extensive

4

treatment records from Dr. King. They include multiple references, from 1997 through 2011, to the neck and shoulder pain that Destaso has asserted. Both the supplemental treatment records and those that were available to the ALJ show a history of prescriptions for painkillers, muscle relaxants, and physical therapy. See AR 25, 171. There is a reasonable possibility that all of these medical records, considered together, "would have influenced" the ALJ's decision. *Pollard*, 377 F.3d at 193. Thus, the Appeals Council improperly decided that a remand for reconsideration was not necessary. *See id.*

Turning to the ALJ's credibility determination, even though the ALJ did not err by finding Destaso "not entirely credible," he must still reconsider the issue. The Court acknowledges that the ALJ's original credibility determination was proper, because there was a lack of evidence to support that Destaso was as throughly disabled as he alleged; and the ALJ reasonably found that Destaso's statements concerning the "intensity, persistence, and limiting effects" of his symptoms lacked corroboration. 20 C.F.R. § 404.1529(b)-(c). Thus, the lack of treatment records was not only the basis of the ALJ's decision not to give Dr. King's opinions significant weight, but also the decision not to credit Destaso. The supplemental records directly respond to those concerns, and they must be considered. Once the ALJ reviews the complete medical evidence and obtains additional information as needed, it may support Destaso's complaints.

## III

As the Court cannot say that "application of the correct legal standard could lead

5

to only one conclusion, "further proceedings are appropriate." *Schaal v. Apfel*, 134 F.3d 497, 504 (2d Cir. 1998). The Appeals Council erred by rejecting additional "material" medical evidence. *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) Nor did it provide any reason to explain why it did so. Given how extensive the supplemental treatment records were, the record on which the ALJ based his original decision was clearly incomplete. See *Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000) ("Upon a finding that an administrative record is incomplete . . . we generally vacate and instruct the district court to remand the matter to the Commissioner for further consideration.").

## IV

For the foregoing reasons, the Commissioner's motion is denied, and the case is remanded for further proceedings.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 22, 2014